Michael S. Elkin (*pro hac vice* application pending)
Thomas Patrick Lane (*pro hac vice* application pending)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
melkin@winston.com
tlane@winston.com
Telephone:     (212) 294-6700
Facsimile:     (212) 294-4700


Jennifer A. Golinveaux (SBN: 203056)
J. Caleb Donaldson (SBN:  257271)
**WINSTON & STRAWN LLP**
101 California Street
jgolinveaux@winston.com
jcdonaldson@winson.com
San Francisco, CA  94111-5802
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400

Attorneys for Plaintiff
BILL GRAHAM ARCHIVES LLC
D/B/A WOLFGANG'S VAULT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT | **Case No. 11-cv-4916 SBA** |
| Plaintiff, | **JOINT STIPULATION AND  ORDER** |
| v. | |
| MARWAN ZEIDAN d/b/a THE POSTER SHOP CAFÉ; HAIGHT ASHBURY POSTERS, INC., a California Corporation; AFTERTHOUGHT ENTERPRISES; and DOES 1-25. | |
| Defendants. | |

WHEREAS, Counsel for Bill Graham Archives LLC ("BGA"), on the one hand, and Marwan Zeidan ("Zeidan") and Haight Ashbury Posters, Inc. ("HAP") (both collectively the "U.S. Defendants"), on the other hand, have conferred regarding preliminary relief in this matter;

1

**JOINT STIPULATION AND [PROPOSED] ORDER**     Case No. 11-cv-4916 SBA

WHEREAS, BGA has filed this lawsuit to enforce its copyrights in concert posters ("BGA concert posters"), including but not limited to those identified in Exhibit B to the Declaration of Katherine York in support of Plaintiff's Motion for TRO, Docket No. 7, filed in support of BGA's *ex parte* Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, Docket No. 4 ("Motion for TRO");

WHEREAS, the U.S. Defendants represent that they purchased certain posters for display and sale without knowledge of the unauthorized reproduction that BGA claims violates its copyrights;

**NOW THEREFORE**, BGA and the U.S. Defendants hereby stipulate as follows pending resolution of this litigation:

Immediately upon execution of this stipulation, and until this litigation is resolved, the U.S. Defendants shall cease buying, selling, displaying or otherwise distributing any unauthorized reproductions of the posters that BGA identifies for the U.S. Defendants;

Within five business days of execution of this stipulation--or, promptly upon discovering any such document in the future--the U.S. Defendants shall provide BGA's counsel with a copy of any catalogue that lists, displays, or offers for sale unauthorized reproductions of BGA concert posters (including without limitation those identified by BGA) on any products, including without limitation posters or stickers, to the extent the U.S. Defendants have not done so already;

Within five business days of execution of this stipulation, the U.S. Defendants shall permit a BGA representative to view its entire inventory (including without limitation posters, stickers, and t-shirts) at U.S. Defendants business operations, including:  Haight Ashbury Posters at 1448 Haight Street, San Francisco, CA, and The Poster Shop Café at 1821 Haight Street, San Francisco, CA, and any other location where the U.S. Defendants store inventory.  This inspection shall begin at 8:00 a.m. on a mutually convenient date within the specified time frame, and shall last no longer than one hour.  In the unlikely event that more than one hour is required to complete this procedure, the inspection shall resume immediately following the respective business's hours of operations.  During this inspection, the BGA representative may make an inventory of unauthorized reproductions of BGA concert posters in the possession of the U.S. Defendants, if any;

JOINT STIPULATION AND [PROPOSED] ORDER                                              Case No. 11-cv-4916 SBA

1   If, following this inventory, BGA identifies any additional unauthorized reproductions of the BGA concert posters, the U.S. Defendants shall promptly, and no later than within two business days, upon notice thereof cease buying and displaying, and shall refrain from selling or otherwise distributing, such unauthorized reproductions.

The U.S. Defendants shall preserve all evidence of display, transfer, purchase or sale of any unauthorized reproductions of BGA concert posters, including without limitation all invoices, packing slips, sales receipts, correspondence or other communications with Afterthought or any other supplier of reproductions of the BGA concert posters; the unauthorized reproductions themselves; and any other documents relevant to this lawsuit pending its outcome.

This stipulation resolves the relief requested by Plaintiff in its pending *ex parte* motion for temporary restraining order (Dkt. 4) as to the U.S. Defendants. In the past several days Plaintiff has been able to locate and complete service on Defendant Afterthought Enterprises. Plaintiff will file proofs reflecting this service and a new proposed order on its pending *ex parte* motion for temporary restraining order addressing relief as to Defendant Afterthought Enterprises.

This stipulation notwithstanding, BGA specifically reserves all rights and remedies available to it pending a final resolution of this litigation.

Dated: November 21, 2011         WINSTON & STRAWN LLP


By:   /s/
      Jennifer A. Golinveaux

Attorneys for Plaintiff


Dated: November 21, 2011         HAAPALA THOMPSON & ABERN, LLP


By:   /s/
      Benjamin Thompson

Attorneys for Defendants
Haight Ashbury Poster Shop, Inc. and
Marwan Zeidan
d/b/a Poster Shop Café

1  I, Jennifer A. Golinveaux, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the
2  concurrence to the filing of this document has been obtained from each signatory hereto.

By:    /s/
       Jennifer A. Golinveaux

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   11/28/11

_____
The Honorable Saundra Brown Armstrong
United States District Court Judge